IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

MAY - 4 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr 69 |
| | ) | |
| SAMUEL PIERRE, | ) | Wire Fraud |
| | ) | 18 U.S.C. § 1343 |
| Defendant. | ) | (Counts One through Five) |
| | ) | |
| | ) | Mail Fraud |
| | ) | 18 U.S.C. § 1341 |
| | ) | (Counts Six through Nine) |
| | ) | |
| | ) | Aggravated Identity Theft |
| | ) | 18 U.S.C. § 1028A |
| | ) | (Counts Ten through Twelve) |
| | ) | |
| | ) | Criminal Forfeiture |
| | ) | 18 U.S.C. § 981(a)(1)(C), |
| | ) | 28 U.S.C. § 2461(c) |

INDICTMENT

May 2016 TERM - at Norfolk, Virginia

INTRODUCTORY ALLEGATIONS

THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

1. Mutual of Omaha Insurance Company (Mutual of Omaha) was a company engaged in the business of providing life insurance policies, critical illness insurance policies, annuities, and other insurance products to clients. Mutual of Omaha was based in Omaha, Nebraska.

2. Monumental Life Insurance Company (Monumental Life) was a company engaged in the business of providing life insurance products to clients. Monumental Life's

administrative office was based in Cedar Rapids, Iowa. On or about July 31, 2014, Monumental Life changed its name to Transamerica Premier Life Insurance Company.

3. ASPECT Management was a field marketing organization – an independent company engaged by insurance companies to recruit and support licensed insurance agents to sell their products. ASPECT Management was contracted with both Mutual of Omaha and Monumental Life, and was based in Columbia, South Carolina. The contracts between ASPECT Management and these two insurance companies placed on ASPECT the end responsibility for any debt incurred by one of ASPECT's agents.

4. The defendant, SAMUEL PIERRE, was first licensed to sell insurance in the Commonwealth of Virginia on or about August 3, 1995.

5. Effective on or about May 18, 2012, the defendant, SAMUEL PIERRE, was appointed with Monumental Life to sell its insurance products. On or about October 9, 2013, Monumental Life terminated the defendant's appointment.

6. Effective on or about October 1, 2013, the defendant, SAMUEL PIERRE, was contracted by Mutual of Omaha to sell its insurance products. On or about July 10, 2014, Mutual of Omaha terminated the defendant's contract.

7. Beginning in or about June 2012, the defendant, SAMUEL PIERRE, worked through ASPECT Management to sell the insurance products of both Monumental Life and Mutual of Omaha.

8. On or about August 1, 2014, the defendant's license to sell insurance in the Commonwealth of Virginia was withdrawn, pursuant to the defendant's request.

## COUNTS ONE THROUGH FIVE

THE GRAND JURY CHARGES THAT:

1. From in or about June 2012 and continuing through in or about July 2014, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, defendant SAMUEL PIERRE knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, operated in substance as follows:

2. The primary purpose of the defendant's fraudulent scheme and artifice was to obtain commission payments to which he was not entitled from insurance companies with which the defendant was contracted as a licensed insurance agent.

3. It was a further part of the scheme and artifice that the defendant abused his position as an insurance agent licensed with the Commonwealth of Virginia and his knowledge of the customs and practices of the insurance industry to fraudulently obtain monies.

4. It was a further part of the scheme and artifice that the defendant would obtain personally identifiable information – including names, dates of birth, and Social Security Account Numbers, among other information – from acquaintances under the auspices of applying for free or reduced price life insurance on their behalf, or for obtaining free legal services on their behalf.

5. It was a further part of the scheme and artifice that the defendant would fraudulently use this information to apply for life insurance policies, critical illness insurance policies, deferred annuities, and other products offered by the insurance companies with which he was contracted as a licensed agent.

6.  It was a further part of the scheme and artifice that the defendant would fund these fraudulent applications with checks drawn on invalid or closed bank accounts, with stolen checks, or with other forms of payment.

7.  It was a further part of the scheme and artifice that the defendant would, from time to time, request that the acquaintance for whom he was applying for insurance sign blank application forms. On other occasions, the defendant would forge, or cause to be forged, the individual's signature.

8.  It was a further part of the scheme and artifice that the defendant would submit the fraudulent applications to the insurance companies by mail or facsimile. After the receipt of the applications and associated form of payment, but before the form of payment had cleared the bank, the insurance company would pay the defendant an advance on his commission fee.

9.  It was a further part of the scheme and artifice that the policies obtained by the fraudulent applications would lapse due to non-payment or be promptly cancelled. Despite these deficiencies, the defendant would keep the commission fee advances for his own personal benefit.

10. It was a further part of the scheme and artifice that, in communications with Mutual of Omaha and Monumental Life about problems with the applications he submitted, that the defendant affirmatively misrepresented the source of funds for policy payments, the status of outstanding paperwork, and other information.

11. It was a further part of the scheme and artifice that the defendant caused substantial losses to Monumental Life and Mutual of Omaha with whom he was contracted as a licensed agent. Pursuant to the contract with ASPECT, these substantial losses were then assigned to ASPECT Management for repayment.

12. On or about the dates set forth below, in the Eastern District of Virginia, for the purpose of executing the aforesaid scheme and artifice, SAMUEL PIERRE did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds, to wit: the following facsimile communications of the life insurance applications set forth below, from Virginia Beach, Virginia, to the administrative office of Monumental Life in Cedar Rapids, Iowa, each wire transmission being a separate count of this indictment as indicated:

| Count | Date Transmitted by Wire (on or about) | Description of Item Transmitted |
| --- | --- | --- |
| 1 | December 5, 2012 | Monumental Life Insurance Company Life Insurance Application in the name of M.R. |
| 2 | March 26, 2013 | Monumental Life Insurance Company Life Insurance Application in the name of M.H. |
| 3 | April 12, 2013 | Monumental Life Insurance Company Life Insurance Application in the name of L.G. |
| 4 | June 25, 2013 | Monumental Life Insurance Company Life Insurance Application in the name of D.H. |
| 5 | August 5, 2013 | Monumental Life Insurance Company Life Insurance Application in the name of L.R. |

(In violation of Title 18, United States Code, Section 1343.)

## COUNTS SIX THROUGH NINE

THE GRAND JURY FURTHER CHARGES THAT:

1. The Introductory Allegations and paragraphs one through eleven of Counts One through Five of this indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below, within the Eastern District of Virginia, SAMUEL PIERRE, the defendant herein, for the purpose of executing the aforesaid scheme and artifice and attempting so to do, did knowingly place and cause to be placed in a post office or authorized depository for mail matter, to be sent by the Postal Service, and did knowingly cause to be delivered by mail according to the directions thereon, the following matters and things, to wit, each mailing constituting a separate count of this indictment, as indicated:

| Count | Date Placed in Mail (on or about) | Description of Item Mailed |
| --- | --- | --- |
| 6 | December 5, 2013 | Mutual of Omaha Insurance Company Critical Illness Insurance Application in the name of M.R. |
| 7 | January 8, 2014 | Mutual of Omaha Insurance Company Critical Illness Insurance Application in the name of L.R. |
| 8 | May 25, 2014 | Individual Flexible Purchase Payment Deferred Annuity Application in the amount of $390,000 made to United of Omaha Life Insurance Company in the name of M.H. |
| 9 | May 28, 2014 | Individual Flexible Purchase Payment Deferred Annuity Application in the amount of $305,000 made to United of Omaha Life Insurance Company in the name of L.G. |

(In violation of Title 18, United States Code, Section 1341.)

## COUNTS TEN THROUGH TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

1. The Introductory Allegations and paragraphs one through eleven of Counts One through Five of this indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates and in the manner set forth below, in the Eastern District of Virginia and elsewhere, SAMUEL PIERRE, the defendant herein, did unlawfully, knowingly and intentionally transfer, possess and use, without lawful authority, a means of identification of another during and in relation to felony violations of provisions contained in chapter 63 of Title 18 of the United States Code, as set forth below:

| Count | Date of Transaction (on or about) | Means of Identification | Description/Purpose of Transaction | During and in Relation to Felony Violation |
|---|---|---|---|---|
| 10 | February 3, 2014 | Name and Social Security Account Number of D.H. (last four digits - 6549) | Fraudulent Critical Illness Insurance Application made to Mutual of Omaha in the name of D.H. | Wire Fraud, in violation of 18 U.S.C. § 1343 |
| 11 | May 25, 2014 | Name and Social Security Account Number of M.H. (last four digits - 5287) | Fraudulent Deferred Annuity Application in the amount of $390,000 made to Mutual of Omaha, United of Omaha Life Insurance Company in the name of M.H. | Mail Fraud, in violation of 18 U.S.C. § 1341 |
| 12 | May 28, 2014 | Name and Social Security Account Number of L.G. (last four digits - 2324) | Fraudulent Deferred Annuity Application in the amount of $305,000 made to Mutual of Omaha, United of Omaha Life Insurance Company in the name of L.G. | Mail Fraud, in violation of 18 U.S.C. § 1341 |

(In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).)

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendant, SAMUEL PIERRE, if convicted of any of the violations alleged in Counts One through Nine of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The property subject to forfeiture includes, but is not limited to, the following property:

   a. A monetary judgment in the amount of not less than $208,552.47, which represents the proceeds of the offenses in Counts One through Nine.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c)).

**REDACTED COPY**

<u>United States v. Samuel Pierre</u>
Criminal No. 2:16cr 69

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _V. Kathleen Dougherty_
V. Kathleen Dougherty
Assistant United States Attorney
Virginia Bar No. 77294
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office - 757-441-6331
Facsimile - 757-441-6689
E-Mail - v.kathleen.dougherty@usdoj.gov